MARY ANN HASLAM *v.* GIDEON WALKER'S EXR., &c.

**Legacy—Sale—Unfair Advantage.**

When a legatee sought out and induced, through her agent, the sale of her legacy, though for a grossly inadequate amount, such sale will not be disturbed in the absence of fraud.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 5, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

In this case there is no evidence tending to the conclusion that any improper means whatever were used by any one to influence appellant to make the sale and transfer of her legacy. It does not appear that the purchasers either saw or made any statements to her directly or indirectly on the subject, but it does appear that her wish to sell was communicated to appellees by her confidential friend and adviser Field before they had expressed any desire or intention to purchase; that Field and herself fixed a price that she was willing to take, and Field told appellees what that price was; they declined to pay that sum, and offered $400, which after consultation with Field, appellant consented to take,

her willingness to take it was communicated to the purchaser, the contract was thereupon concluded, and the money paid.

There is not only no evidence of any unfair or improper means used by appellees to procure the contract, but the evidence shows it was sought of them, that it was made by appellant in the exercise of the utmost freedom, and with parties whose conduct as far as developed by this record is without reproach.

Wherefore, the judgment must be affirmed.

*E. S. Worthington, for appellant.*
*Mix, Caldwell, for appellees.*